UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-97-FDW

| | |
|---|---|
| DAVID HURT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DANIEL A. KUEHNERT, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Also pending is Plaintiff's "Addendum," (Doc. No. 8), that is construed as a Motion to Amend. Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 6).

**I.     BACKGROUND**

*Pro se* Plaintiff, who is presently incarcerated at the Alexander Correctional Institution, has filed a civil rights suit pursuant to 42 U.S.C. § 1983 with regards to proceedings in a North Carolina criminal case in 2018. Plaintiff names as Defendants: Superior Court Judge Daniel A. Keuhnert and Attorney Joseph C. Delk, IV.

Construing the Compliant liberally and accepting the allegations as true, Judge Kuehnert ordered Mr. Delk to investigate legal and factual issues in Plaintiff's criminal case and file a motion for appropriate post-trial relief on Plaintiff's behalf under North Carolina General Statutes § 15A-1415(b)(3), (7), or (8). Plaintiff claims that Delk failed to conduct a thorough investigation by, for instance, obtaining a copy of discovery in Plaintiff's criminal case. Judge Kuehnert did not admonish Delk but commended him for a job well done. Plaintiff filed a *pro se* motion to compel post-conviction discovery to which he has a statutory as well as a constitutional right to access to

1

courts. Judge Kuehnert dismissed the motion to compel despite knowing that Plaintiff did not have access to this discovery. Plaintiff alleges that the discovery is vital to his right to meaningful access to courts as Plaintiff can prove that Suzie Barker gave falsified testimony as to touch DNA evidence at the resentencing hearing in 2008. Plaintiff requests injunctive relief and compensatory and punitive damages.

In his "Addendum," (Doc. No. 8), that is construed as a Motion to Amend, Plaintiff asks to add Suzie Barker and David Spittle as defendants.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff

2

to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Judicial Immunity**

"[J]udges are absolutely immune from suit for a deprivation of civil rights" for actions taken within their jurisdiction. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992). For immunity to apply, the act in question must be a "judicial act," that is, a "function [that is] normally performed by a judge, and [for which] the parties dealt with the judge in his or her judicial capacity." Id. A judge will not be deprived of immunity "because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Plaintiff alleges that Judge Kuehnert erroneously denied him discovery in a post-conviction proceeding in a North Carolina criminal case. Presiding over a criminal post-conviction proceeding is a function normally performed by judges and Plaintiff has failed to allege that Judge Kuehnert acted in the absence of any jurisdiction. Therefore, judicial immunity applies and the claims against him are dismissed.

**(2) Defense Counsel**

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50

3

(1999). "To implicate 42 U.S.C. § 1983, conduct must be 'fairly attributable to the State.'" DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). If the defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche, 191 F.3d at 506. "[A] public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). "Private lawyers do not act "under color of state law" merely by making use of the state's court system." Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) (quoting Dennis v. Sparks, 449 U.S. 24, 28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980)).

Mr. Delk was not acting as a state agent when he served as post-conviction counsel for Plaintiff in his North Carolina criminal proceedings, and therefore, the claims against him must be dismissed.

**(3) Motion to Amend**

A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). As a general rule, an amended pleading supersedes the original and renders it of no legal effect. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

Plaintiff's Addendum is construed as a Motion to Amend and will be denied because it is a piecemeal attempt to add claims and parties, is incomplete, and fails to state a claim for relief.

4

See, e.g., Fed. R. Civ. P. 8(a)(2) (a short and plain statement is required); Fed. R. Civ. P. 8(a)(3) (a complaint must set forth a demand for relief). This denial is without prejudice for Plaintiff to amend his Complaint, if he so chooses, within 30 days of this Order.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to file an Amended Complaint in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2. Plaintiff's Addendum, (Doc. No. 8), is construed as a Motion to Amend and is **DENIED** without prejudice.

3. Plaintiff shall have thirty (30) days in which to file an Amended Complaint, particularizing his claims and providing facts to support his legal claims against each Defendant. If Plaintiff fails to file an Amended Complaint accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

4. The Clerk is respectfully instructed to mail Plaintiff a new Section 1983 form for Plaintiff to submit an Amended Complaint, if he so wishes.

Signed: December 18, 2019

Frank D. Whitney
Chief United States District Judge